IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02423-REB-MJW

WESLEY LOUGEE,

    Plaintiff,

v.

AD ASTRA RECOVERY SERVICES, INC.,

    Defendant.

**ORDER GRANTING MOTION OF DEFENDANT AD ASTRA
RECOVERY SERVICES, INC. TO COMPEL ARBITRATION
AND STAY ACTION PENDING COMPLETION OF ARBITRATION**

**Blackburn, J**.

The matter before me is the **Motion of Defendant Ad Astra Recovery Services, Inc. To Compel Arbitration and Stay Action pending Completion of Arbitration** [#13], filed January 5, 2010. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

The decision whether to enforce an arbitration agreement involves a two-step inquiry. First, I must determine whether the parties agreed to arbitrate the dispute. ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth***, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000). Second, I must consider whether any statute or policy renders the claims non-

arbitrable. ***Mitsubishi***,105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764. Federal policy strongly favors the arbitration of disputes, and agreements to arbitrate therefore should be read liberally. ***Moses H. Cone Memorial Hospital v. Mercury Construction Corp.***, 460 U.S. 1, 23 n.27, 103 S.Ct. 927, 941 n.27, 74 L.Ed.2d 765 (1983).

### III.  ANALYSIS

On August 17, 2008, plaintiff applied for a $163 deferred deposit loan, otherwise known as "payday loan," from Cash Colorado, LLC d/b/a Speedy Cash Payday Loans, in Lakewood, Colorado. Speedy Cash placed plaintiff's account with defendant Ad Astra Recovery Services, Inc., for collection on November 15, 2008. Plaintiff alleges that although he notified defendant in April, 2009, that he was represented by an attorney, defendant continued to contact him and threatened to sue him and/or garnish his wages if he did not satisfy the debt. He brings claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and for intentional infliction of emotional distress under Colorado law.

The Deferred Deposit Loan Agreement & Disclosure Statement plaintiff signed included an arbitration provision, which reads, in relevant part:

> The term "Claim" means any claim, dispute or controversy between you and us (including "related parties" identified below) that arises from or relates in any way to . . . our collection of any amounts you owe . . . . "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature . . . . Our "related parties" are any parent company and affiliated entities (including Ad Astra Recovery Services, Inc.); our and their employees, directors, officers, shareholders, governors, managers and members; and any third parties who are parties in a legal proceeding involving you and us.

2

(Def. Motion App., Exh. 1-A ¶ 2 at 4.)[1]  Such broad language plainly encompasses the claims sought to be prosecuted against defendant in this lawsuit.  *See P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) ("[T]he strong presumption in favor of arbitrability . . . applies with even greater force when such a broad arbitration clause is at issue.") (citation and internal quotation marks omitted).  Moreover, no statute or policy renders these types of claims non-arbitrable, *see Mitsubishi*, 105 S.Ct. at 3355-56; *Williams*, 203 F.3d at 764, and plaintiff does not contend as much.  *See Hodson v. Javitch, Block & Rathbone, LLP*., 531 F.Supp.2d 827, 831 (N.D. Ohio 2008) (FDCPA claims arbitrable);  *Feil v. MBNA America Bank*, 417 F.Supp.2d 1214, 1218-20 (D. Kan. 2006) (same).

Instead, plaintiff argues simply that because his claim does not arise under the contract, it is not subject to the arbitration provision.  This overly simplistic argument ignores the plain, expansive language of the arbitration clause, which clearly covers any claim arising out of efforts to collect under the contract.  Plaintiff does not explain how the cases to which he cites support this proposition, and my own review shows that they

---

[1] In addition, the following language was included in bold typeface just above the signature line at the end of the document:

> **By signing below, you acknowledge that (1) you have read and understand all of the terms of this Agreement, including the Agreements for Resolving Disputes including the Arbitration Agreement; (2) you have had the opportunity to ask questions about this Agreement, we have answered to your satisfaction all questions you have asked; and (3) there were no blank spaces at the time you signed. You acknowledge that we have given you an exact copy of this Agreement and all other documents you signed.**

(Def. Motion App., Exh A-1 at 6.)

3

are neither precedential nor apposite.[2] Moreover, the contract expressly names defendant as a "related party" that may enforce the arbitration provision. Defendant's filing of the instant motion constitutes an adequate demand for arbitration as per the terms of the contract. (Def. Mot. App., Exh A-1 ¶ 3 at 5.)[3]

Because plaintiff's claims in this lawsuit are arbitrable, and because defendant has so requested, I am required to stay this action pending arbitration.[4] However, pursuant to D.C.Colo.LCivR. 41.2, I will administratively close this case, subject to reopening for good cause.

---

[2] Other than the fact that they involves claims under the FDCPA, the two cases on which plaintiff purports to rely have nothing in common either with each other or with the instant case. **Peterson v. United Accounts, Inc.**, 638 F.2d 1134 (8th Cir. 1981), discusses whether under the facts of that case, the plaintiff's FDCPA counterclaim was permissive or compulsory. *See id*. at 1136. **Crawford v. Equifax Payment Services, Inc.**, 1998 WL 704050 (N.D. Ill. Sep. 30, 1998), dealt with whether the defendant could be held liable under the FDCPA as an indirect debt collector. *See id.* at *9.

[3] There is therefore no reason to address defendant's alternative argument that it may seek arbitration pursuant to principles of equitable estoppel.

[4] Despite the seemingly mandatory language of section 3, the majority of federal courts hold that a district court may dismiss rather than stay a complaint when all claims therein are arbitrable. *See, e.g.*, **Choice Hotels International, Inc. v. BSR Tropicana Resort, Inc.**, 252 F.3d 707, 709-10 (4th Cir. 2001); **Green v. Ameritech Corp.**, 200 F.3d 967, 973 (6th Cir. 2000); **Fedmet Corp. v. M/V BUYALYK**, 194 F.3d 674, 678 (5th Cir. 1999); **Bercovitch v. Baldwin School, Inc.**, 133 F.3d 151, 156 & n.21 (1st Cir. 1998); **Sparling v. Hoffman Construction Co.**, 864 F.2d 635, 638 (9th Cir. 1988); **Black and Veatch International Co. v. Wartsila NSD North America, Inc.**, 1998 WL 953966 at *4 (D. Kan. Dec. 17, 1998). *But see Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269-71 (3rd Cir. 2004). Although the Tenth Circuit has not addressed this issue directly, it has intimated that a district court may dismiss when a party specifically requests dismissal rather than a stay. *See Armijo v. Prudential Insurance Co. v. America*, 72 F.3d 793, 796-97 (10th Cir. 1995) (finding appellate jurisdiction from order dismissing a case in which all claims were referred to arbitration and distinguishing **Adair Bus Sales, Inc. v. Blue Bird Corp.**, 25 F.3d 953, 954-55 (10th Cir. 1994), in which appellate jurisdiction of order compelling arbitration was found lacking because defendant had requested a stay, not dismissal).

Because defendant here does not request dismissal, either principally or in the alternative, I am foreclosed by *Adair* from doing other than staying this action.

4

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion of Defendant Ad Astra Recovery Services, Inc. To Compel Arbitration and Stay Action pending Completion of Arbitration** [#13], filed January 5, 2010, is **GRANTED**;

2. That the parties are **ORDERED** to proceed to arbitration of plaintiff's claims;

3. That this case is **STAYED** pending the outcome of the arbitration; and

4. That this the clerk of the court is **DIRECT TO ADMINISTRATIVELY CLOSE** this case pursuant to D.C.Colo.LCivR 41.2, subject to reopening for good cause.

Dated May 24, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge